**Mark GATZ, Plaintiff–Appellant,**

v.

**Todd DELONG, John Doe, Richard Roe, Harlowe Hoe, Michael Moe, Larry Loe, Norris Noe, Peter Poe, Steven Soe, Terrance Toe and County of Suffolk, Defendants–Appellees.**

No. 00–7779.

United States Court of Appeals, Second Circuit.

March 16, 2001.

trict of New York, sitting by designation.

Arthur V. Graseck, Jr., Islip Terrace, NY, for appellant.

Robert J. Cimino, Hauppage, NY, Suffolk County Attorney; Arlene S. Zwilling, on the brief, for appellee.

Present JACOBS and CALABRESI, Circuit Judges, and JONES, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff Mark Gatz, irate because he believed a car dealership repaired his car with used parts rather than new, picketed the dealership, had confrontations with a number of people around the dealership, and was arrested twice as a result. This suit—against Suffolk County and prison personnel—is one of at least six suits arising from these incidents. In each of these suits, Gatz seeks damages for emotional distress.

At trial, and over Gatz's objection, the district court allowed defense counsel to cross-examine Gatz, Gatz's girlfriend and Gatz's psychologist about prior lawsuits, chiefly because the allegations of emotional injury in the other suits had bearing on whether and to what extent Gatz's mental problems were caused by the defendants in this case.

In addition, and again over Gatz's objection, the trial court instructed the jury "[t]hat evidence may be considered on the issue of credibility of the plaintiff."

The jury found no liability with respect to Gatz's § 1983 and battery claims, but did find that Gatz was battered by an unnamed corrections officer. Finding that the battery was not "the proximate cause of the injuries and consequent damages" Gatz suffered, the jury imposed no damages, and judgment was entered dismissing the complaint.

On appeal, Gatz argues principally that the district court's decision to permit into evidence the fact of prior litigations was error in view of our decision in *Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988). We conclude that the district court did not abuse its discretion by admitting evidence of Gatz's prior litigations for certain purposes, and that, even if the court should have given a limiting instruction urged by Gatz, its failure to do so was harmless in view of all the circumstances of this case.

We have considered all of Gatz's other claims, and find them to be without merit.

---

* The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.